IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN PATTERSON,

    Plaintiff,

v.                                                                                      No. 2:17-cv-01116-KWR-GBW

NINE ENERGY SERVICE, LLC,

    Defendant.

## ORDER REGARDING STATUS CONFERENCE

**THIS MATTER** comes before the Court following a status conference held on March 17, 2021. At the status conference, the parties agreed that Judge Browning had previously ordered arbitration, and that the Court has subject matter jurisdiction over this case.

Judge Browning ordered arbitration on August 30, 2018 and denied a motion to reconsider in November 2018. On August 30, 2018, Plaintiff filed an amended complaint showing diversity jurisdiction exist. He also responded to the oral order to show cause, arguing that he has shown diversity jurisdiction exists. Defendant did not object. Judge Browning denied Defendant's motion to reconsider arbitration. Nevertheless, Plaintiff has not yet initiated arbitration.

At the March 17, 2021 status conference, the Court indicated it would set another status conference and expected Plaintiff to initiate arbitration.

For the reasons stated on the record, Plaintiff shall initiate arbitration within **ninety (90) days** of the entry of this order, or the Court may dismiss this case without further notice. *See* Fed. R. Civ. P. 41(b) (Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of

Civil Procedure] or a court order."); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc*., 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal citation omitted).   As the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation ...."   *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007).

Furthermore, Plaintiff shall file a status report on arbitration within **ninety (90) days** of the entry of this order.   Failure to do so may result in dismissal of this case without further notice.

The Court will set a status conference by separate notice.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**